# McNees
## Wallace & Nurick LLC

100 Pine Street • PO Box 1166 • Harrisburg, PA 17108-1166
Tel: 717.232.8000 • Fax: 717.237.5300

Carol Steinour Young
Direct Dial: 717.237.5342
Direct Fax: 717.260.1748
csteinour@mwn.com

January 25, 2016

Hon. William M. Nickerson
Senior United States District Judge
United States District Court for the
 Northern District of Maryland
101 W. Lombard St.
Baltimore, MD 21201

**ELECTRONICALLY FILED**

RE: **MOUNT ST. MARY'S UNIVERSITY v.
MOUNT SAINT MARY'S UNIVERSITY and
PORTMONT COLLEGE AT MOUNT SAINT MARY'S
No. 1:15-cv-01771**

Dear Judge Nickerson:

Plaintiff Mount St. Mary's University (Plaintiff) responds here to Defendants' January 19, 2016 correspondence, which mischaracterizes Plaintiff's letter to compel Defendants to disclose their witness list as "premature and unnecessary" and now moot. Not so.

Plaintiff's letter to the Court came as a last resort after extensive negotiation between the parties reached an impasse.[1] Far from being "premature, unnecessary, and moot." Plaintiff

---

[1] Plaintiff served Defendants with interrogatories on November 2, 2015. Defendants provided responses on December 7, 2015, which were not "full and complete." Indeed, pursuant to the discovery dispute resolution procedure set forth in L.R. 104.8 and Discovery Guideline 1(f), L.R. Appendix A, Plaintiff sent Defendants a letter asking them to reconsider numerous responses. *See* letter dated December 11, 2015, attached as Exhibit 1.

A December 30, 2015 telephone conference resolved most of the disputes, with the few exceptions that are now before this Court. During the call, Defendants' counsel initially stated that he had no obligation to provide the names of witnesses in response to Interrogatory 1 and 10, and that Plaintiff could determine the names of the witnesses by reading the

Hon. William M. Nickerson
January 25, 2016
Page 2

filed its January 7, 2016 letter to the Court 30 days after it received responses to interrogatories. (L.R. 104.8(a) requires that a motion be served within 30 days of receipt of responses.) Immediately after receiving the letter, Defendants agreed to provide responses to Interrogatories 1 and 10, but still refuse to answer Interrogatory 28.

The lone remaining issue before this Court is whether Defendants must identify their potential witnesses. Defendants claim that they should not be required to identify their witnesses simply because Plaintiff served more than 25 interrogatories.

The purpose of initial disclosures is to facilitate efficient discovery. Although the Court waived initial disclosures requirements in this matter, it is not unreasonable to compel them in this instance or burdensome on Defendants to comply. Instead of working in the efficient and cooperative manner contemplated by modern discovery, Defendants have opted to frustrate the process on one of civil litigants' most basic obligations: disclosing potential witnesses.

Plaintiff respectfully asks this Court to order Defendants to disclose their witness list.

                        Respectfully submitted,

                        McNEES WALLACE & NURICK LLC

                        By _____
                            Carol Steinour Young

C:    Derek Stikeleather, Esq.
       Harvey Freedenberg, Esq.
       Christopher Ruhland, Esq.
       Andrew Wong, Esq.

---

documents (which had not yet been produced). Defendants' counsel stated that he would not provide a response to Interrogatory 28.

Defendants' counsel later agreed to reconsider his position regarding Interrogatory 1 and 10, and respond by January 7, 2016, but did not change his position regarding Interrogatory 28. *See* email exchange, attached as Exhibit 2.