# McNees
## Wallace & Nurick LLC

100 Pine Street • PO Box 1166 • Harrisburg, PA 17108-1166
Tel: 717.232.8000 • Fax: 717.237.5300

Carol Steinour Young
Direct Dial: 717.237.5342
Direct Fax: 717.260.1748
csteinour@mwn.com

January 25, 2016

Hon. William M. Nickerson                    **ELECTRONICALLY FILED**
Senior United States District Judge
United States District Court for the
    District of Maryland
101 W. Lombard St.
Baltimore, MD 21201

> **RE:    MOUNT ST. MARY'S UNIVERSITY v.**
> **MOUNT SAINT MARY'S UNIVERSITY and**
> **PORTMONT COLLEGE AT MOUNT SAINT MARY'S**
> **No. 1:15-cv-01771**

Dear Judge Nickerson:

In response to Defendant's January 15, 2016 correspondence, Plaintiff Mount St. Mary's University states that the attorney-client privilege protects its attorney-client communications from disclosure where, as here, Defendants seek the information to try to establish the *content* of the advice given by counsel. Plaintiff rightfully objects to providing this privileged information. Unless the information is sought to establish the content of the privileged communication, it is irrelevant to any issue in this dispute.

Specifically, Defendant seeks to compel Plaintiff to disclose whether Plaintiff sought the advice of counsel *regarding this dispute* prior to a certain date, and to identify the attorney by name. Defendant's interrogatory 8 states:

> Did you seek the advice of any attorney regarding MSMU-LA's potential name change prior to Dr. Powell sending his letter to Dr. McElaney-Johnson on March 31, 2014.

Plaintiff responded: "Objection. This interrogatory seeks information that is not relevant, and the question is not reasonably calculated to lead to the discovery of admissible evidence. By

**www.mwn.com**

HARRISBURG, PA • LANCASTER, PA • SCRANTON, PA • STATE COLLEGE, PA • COLUMBUS, OH • WASHINGTON, DC

Hon. William M. Nickerson
January 25, 2016
Page 2

way of further answer, this information is protected from disclosure by the attorney-client privilege."

The Fourth Circuit has addressed this precise issue, holding that, although the fact of representation is not privileged, a negative inference regarding the substance of attorney-client communications cannot be drawn. *Parker v. Prudential Ins. Co.*, 900 F.2d 772, 775-76 (4th Cir. 1990) (holding that the district court erroneously drew a negative inference regarding the substance of privileged communications from the fact that a client met with an attorney before taking a particular action); *Sharer v. Tandberg, Inc.*, 2007 U.S. Dist. LEXIS 22391, at *3-6, 2007 WL 983849 (E.D. Va. Mar. 27, 2007) (barring negative inference arising from a party's consultation with an attorney prior to sending emails, where the emails would be a central issue at trial).

From the outset, Plaintiff's concern has been that this information is irrelevant unless it is used to establish the *content* of the privileged attorney-client communication. *See Parker*, 900 F.2d at 775 (consultation with attorney was probative only if impermissible inference regarding content of communication was drawn); *Sharer*, 2007 U.S. Dist. LEXIS 22391, at *6 (same). Defendant's letter to this Court validates Plaintiff's concern. It argues that "[w]hether an attorney was consulted prior to the March 2014 letter is relevant because it could show that Plaintiff knowingly consented after a deliberative process that included consulting a lawyer." Defendant, thus, seeks to discover whether Plaintiff sought an attorney's advice to either 1) discover the actual advice (if any) given by counsel, or 2) insinuate to a factfinder what advice was given. Either purpose would "intrude upon the protected realm of the attorney-client privilege." *Parker*, 900 F.2d at 775.

Defendant mistakenly argues that the information is relevant to its claims for acquiescence and laches. Whether a Plaintiff consulted counsel is not relevant to acquiescence; only the *advice* given by counsel, and whether Plaintiff followed it, may be relevant. But the advice given is plainly protected from disclosure. And the issue of laches can be argued independently of whether Plaintiff consulted with counsel about the issue.

Likewise, the identity of the attorney is not relevant to any of Defendant's claims. Opening the door to such discovery only increases the likelihood of further disputes if Defendant would then try to depose counsel or question witnesses about attorney consultations.

In sum, Plaintiff has resisted this discovery because it is only relevant if Defendant tries to establish the content of privileged attorney-client communication. And that is forbidden.

Hon. William M. Nickerson
January 25, 2016
Page 3


Plaintiff respectfully asks the Court to deny Defendant's request that Plaintiff respond to Defendant's interrogatories 8 and 9.

Respectfully submitted,

McNEES WALLACE & NURICK LLC

By

Carol Steinour Young

C:   Derek Stikeleather, Esq.
      Harvey Freedenberg, Esq.
      Christopher Ruhland, Esq.
      Andrew Wong, Esq.